PER CURIAM.
Stanley and April Joseph appeal from a final judgment entered upon an order of default. For the reasons which follow, we reverse.
Donald and Georgeanne Marese sued the Josephs on December 12, 1987, for breach of express warranty, breach of contract, and fraudulent misrepresentation concerning structural defects in a house the Mares-es purchased from the Josephs. On January 22, 1988, the Mareses moved for entry of a default. By agreed order dated February 2, 1988, the trial court ordered the Josephs “to file an answer to the Complaint by no later than February 5, 1988.” On February 5, 1988, the Josephs answered counts one and two (breach of express warranty and breach of contract), raised affirmative defenses, and moved to dismiss count three (fraudulent misrepresentation). On April 21, 1988, the court entered an order of default on the ground that “Defendants have wilfully violated this Court’s Agreed Order entered February 2,1988, by failing to file an Answer to Count III of the Complaint as ordered.” The trial court struck the Josephs’ pleadings and, upon submission of affidavits of indebtedness, entered a final judgment for compensatory damages, costs, and attorney’s fees.
The trial court abused its discretion in entering the default and striking the Josephs’ pleadings. The Josephs’ response to count three by way of a motion to dismiss instead of an answer was a minor dereliction of the agreed order. See Techno Industrial Corp. v. Cooper Indus., Inc., 410 So.2d 584 (Fla.3d DCA 1982) (where defendant filed second motion to dismiss instead of answer after entry of an agreed order requiring answer, default judgment and striking of defendant’s pleadings too harsh a sanction and an abuse of discretion).
Reversed and remanded for trial on the merits.